ON REVIEW OF ORDER ENTERED PURSUANT TO ORDER GRANTING WRIT OF MANDAMUS

COBB, J.
By order dated September 2, 1999, this court issued a writ of mandamus and ordered Circuit Judge Aan Dickey to “immediately enter a ruling on the motion to disqualify filed by the petitioner.” Our order tracked the requirement of Florida Rule of Judicial Administration 2.160 which provides in relevant part:
(e) Time. A motion to disqualify shall be made within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion and shall be promptly presented to the court for an immediate ruling. Any motion for disqualification made during a trial must be based on facts discovered during the trial and may be stated on the record and shall also be filed in writing in compliance with subdivision (c). Such trial motions shall be ruled on immediately.
(f) Determination — Initial Motion. The judge against whom an initial motion to disqualify under subdivision (d)(1) is directed shall determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action. If any motion is legally insufficient, an order denying the motion shall immediately be entered. No other reason for denial shall be stated, and an order of denial shall not take issue with the motion. (Emphasis added).
Judge Dickey entered an order dated September 17, 1999 which he labeled “Order Disqualifying Judge Without Hearing as Ordered by Fifth District Court of Appeal.” He found that the motion for disqualification, filed on July 9, 1999, was legally sufficient and granted it. The order, apparently issued by the trial judge in a state of high dudgeon, goes on to blame this court for compelling him to commit a violation of the Code of Judicial Conduct by depriving a party (the state) of the opportunity to be heard in regard to the legal sufficiency of the motion. The order laments: “Apparently in the Fifth Appellate District of Florida the opposing party does not have the discretion to be heard, and the trial court does not even have the discretion to hold a hearing.” A copy of this order was forwarded by Judge Dickey to the Judicial Qualifications Commission. Moreover, an ensuing order by the Chief Judge of the Eighteenth Circuit reassigning the case to a successor judge reiterates the grim message that we have forbidden a hearing in this cause.
Our initial reaction to this onslaught from Seminole County is: “Good Grief, Charlie Brown!” What we regarded as a form order to prompt a trial court ruling in response to an allegation of delay has created a conflagration of hostility and confusion. We now undertake, pursuant to the reservation of jurisdiction in our September 2, 1999 order, to clarify the apparent misconception.
As set out above, Rule 2.160 expressly places the burden on the trial judge to rule on a motion to disqualify immediately. The rule itself neither authorizes nor precludes a hearing on said motion. However, by repeatedly using the term “immediately,” the supreme court clearly intended that, if a hearing is held, such hearing should be held in an expedited fashion. Our order of September 2, 1999 merely tracked the requirement of Rule 2.160 and ordered that the trial judge immediately enter a ruling. As with Rule 2.160, our order was silent concerning a hearing. If Judge Dickey’s accusation that he was forced to violate the Rules of Judicial Conduct has substance then he *510 should direct it to the supreme court, not this court.
The record reflects that a copy of the motion to disqualify, filed on July 9, 1999, was presented to Judge Dickey and was further called to the judge’s attention when the prosecutor, by letter to the judge dated July 12, 1999, requested a hearing. Despite this, no hearing was set and no ruling was made. Rule 2.160, by affirmatively requiring the trial judge to rule immediately on the motion to disqualify, does not permit the court to accept a passive role when confronted with such motion. The rule requires affirmative action. Judge Dickey failed in this case to order an expedited hearing and/or rule on the motion for over two months despite the clear directive of Rule 2.160.
Our conclusion is simple: a trial judge, confronted by a motion for disqualification, is obligated to dispose of that motion by “an immediate ruling” pursuant to Florida Rule of Judicial Administration 2.160. If the judge affords a hearing to the parties on that motion, it must be an expedited one.
DAUKSCH and GRIFFIN, JJ., concur.